HUGH MURPHY, APPELLANT, V. CITY OF PLATTSMOUTH, APPELLEE.'

FILED JANUARY 5, 1907. No. 14,861.

1. Cities: IMPROVEMENTS: ESTIMATE OF COST. The statute which requires an estimate of the cost of a public improvement to be made and submitted to the city council by the city engineer before a contract for such improvement is let, is mandatory, and a contract made without complying with such requirement is void.

2. ———: CONTRACTS: ESTIMATE OF COST. Where such statute further provides that such estimate shall be published with the advertisement for bids for making such improvement, and that no contract shall be let for a price exceeding such estimate, the inhibition against letting a contract at a price in excess of the estimate cannot be evaded by raising the estimate after the bids have been made and opened.

3. ———: ———: LETTING TO LOWEST BIDDER. Any material departure in a contract of that character from the terms and conditions upon which the bidding was had, is an evasion of a statute requiring a contract to be let to the lowest responsible bidder.

4. ———: ———: ASSIGNMENT. Where a contract with a city for a public improvement expressly provides that it shall not be assigned, such provision is enforceable, and an assignee thereof cannot recover the money due thereunder, or any part thereof.

APPEAL from the district court for Cass county: PAUL JESSEN, JUDGE. Reversed with directions.

Matthew Gering and E. C. Strode, for appellant.

H. D. Travis and Jesse L. Root, contra.

ALBERT, C.

Suit was brought by Hugh Murphy against the city of Plattsmouth to recover a small balance due on a written

contract alleged to have been made between the defendant
city and one Fanning for the paving of certain streets in
that city.  The plaintiff claims this balance as Fanning's
assignee.  On a former appeal to this court a judgment in
favor of the plaintiff was reversed on the ground that the
contract was made without an estimate of the cost of the
improvement having been made and submitted to the city
council by the city engineer, as required by section 20, p.
197, laws 1879, and was therefore void.  *City of Platts-
mouth v. Murphy*, 74 Neb. 749.  After the cause was re-
manded another trial was had.  At the close of the testi-
mony the court directed a verdict in favor of the plaintiff
for $381.42, and gave judgment accordingly.  Both parties
appeal.

At the last trial the plaintiff sought to avoid the effect
of the rule applied by this court on the former appeal by
evidence tending to show that such estimate was made and
submitted to the council by the city engineer, and pub-
lished with the advertisement for bids.  But from the
evidence introduced for that purpose it also appears that
the estimate was raised by the engineer after the bids
were opened, in order to avoid that provision of the section
of the statute above referred to, which prohibits the city
council from entering into a contract for such improve-
ments for a price exceeding the estimate made and sub-
mitted by the engineer, and that there was a material
departure in the contract from the terms and conditions
upon which the bids were submitted.  It is too plain to
admit of serious dispute that the city council could not
thus evade the mandatory provisions of the statute.  As
was said in *Inge v. Board of Public Works*, 135 Ala. 187,
93 Am. St. Rep. 20: "Any material departure in the con-
tract awarded from the terms and conditions upon which
the bidding is had, renders the contract, in a sense, a
private one. . To permit such in the awarding of public
contracts by public officers would be to open wide the
door for favoritism, and defeat the thing which the law
intended to safeguard in requiring the contracts to be let

upon bids made on advertised specifications. It is unimportant whether the additional stipulation contained in the contract awarded to one, who is not the lowest responsible bidder, be in itself an advantage to the city or not, if it constitutes a material change, and, therefore, a departure from the basis of the bidding, and becomes an element or consideration in the determination of who is the lowest and *best* bidder, it will invalidate the contract entered into." See, also, *Chippewa Bridge Co. v. City of Durand,* 122 Wis. 85; *Diamond v. City of Mankato,* 89 Minn. 48.

The principle involved does not differ from that involved in *Fairbanks, Morse & Co. v. City of North Bend,* 68 Neb. 560, where it was held: "A city or village can enter into a valid contract for the erection or construction of any work authorized by section 69, article I, chapter 14, Compiled Statutes, only after it has advertised for bids as required by subdivision XV of such section, and then only with some person in accordance with a bid tendered by him in response to such advertisement." It seems to us, in view of the change made in the estimate after the bids were opened, and the departure from the terms upon which the bids were submitted, the plaintiff stands in no better position than if no estimate had been made or submitted. The effect of such omission is discussed at length in the former opinion, where the contract on that account was held void. It follows, therefore, that the judgment of the district court is erroneous.

There is another reason why the judgment must be reversed. The contract in express terms provides that "the second party (Fanning) shall not assign or transfer this contract or sublet any of the work embraced in it." The terms and conditions of a contract have the force of law as to those who are parties thereto. *Lowry v. Inman,* 46 N. Y. 129. In *City of Omaha v. Standard Oil Co.,* 55 Neb. 337, the plaintiff claimed as assignee under a contract containing a stipulation of this character, and this court held that the contract was nonassignable. Counsel there advanced the proposition that the stipulation was merely directed

against the assignment of the obligation resting upon the assignor by virtue of the contract, and was not intended to prevent an assignment of the money to be earned thereunder. But this court refused to adopt that view, and disposed of the matter in these words: "But it is needless for us to speculate on the motives for the city's action. It is enough for us to know—whatever its reasons may have been—that it has, in plain language, stipulated against an assignment of the contract. That stipulation is valid and must be enforced. To hold that it covers some, but not all, of the rights and obligations arising out of the contract would be, it seems to us, an inexcusable perversion of its terms."

We can conceive of no theory upon which the plaintiff is entitled to recover on the cause of action alleged in his petition, and it is recommended that the judgment of the district court be reversed and the cause remanded, with directions to dismiss the action.

JACKSON, C., concurs.

DUFFIE, C., not sitting.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is reversed and the cause remanded, with directions to dismiss the action.

REVERSED.