## JOHN W. PROBERT, Appellant, v. GIRARD INVESTMENT COMPANY, Respondent.

### Kansas City Court of Appeals, May 1, 1911.

1. **TAXBILLS: Evidence: Failure to File Specifications: Blue Prints.** The defendant denied the validity of taxbills for street improvements on the ground that full plans and specifications and estimates of the cost of the improvements were not transmitted to, received by, or filed with the common council, and hence were void, and then only offered in evidence a blue print which was found on file, and which was merely a diagram of the *locus in quo*, and which did not pretend to be plans and specifications, and defendant also failed to show positively that there were no plans and specifications on file. *Held*, that the appellate court cannot, in the face of the recitation in the ordinance, hold that the plans and specifications were not so filed, and hence the cause must be reversed and remanded for a trial of this question of fact.

2. ————: **Contracts: Excess Over Estimate: Void Pro Tanto.** While the law relating to cities of the second class does not in express terms prohibit a city of that class from contracting for a price in excess of the estimated costs, and such a contract would not be void for that reason, yet we believe that if any city should disregard the estimate provided for, and contract for street improvements in excess of the estimated cost, the contract would be invalid to the extent of such excess.

3. ————: **Locus of Work: Construction of Ordinance.** Where the validity of taxbills issued for street improvements was contested on the ground that the ordinance under which the work was done was void because it failed to locate the six-foot walk provided for therein, within the twelve-foot space between the property line and the curb, thereby leaving its location to the discretion of the contractor. *Held*, that it may be partly inferred from the language used that the six-foot sidewalk was to be laid on a line with the walk already constructed.

4. ————: **Evidence: Hearsay.** Where by statute time is made the essence of a contract for street improvements, and the property owner contends that the work was not completed within the time stipulated, a letter of the city engineer to the owner stating, as the time within which the work was performed, a period much greater than that provided for in the contract and ordinance, was mere hearsay, and had no proba-

tive force except to contradict the official statement of the engineer that the work was completed in proper time, and hence the letter was not competent evidence to sustain the owner's contention.

Appeal from Buchanan Circuit Court.—*Hon. Lucian J. Eastin,* Judge.

REVERSED ANE REMANDED.

*Spencer & Landis* for appellant.

*Ben J. Woodson* for respondent.

BROADDUS, P. J.—This is a suit to recover judgment on two taxbills and that they be declared a lien on the property against which they were issued.

The property of the defendant against which the taxbills were issued are lots No. 2, and No. 3, in block No. 75, Patee addition to the city of St. Joseph, abutting on Twentieth street, where the improvement was made. The Phoenix Brick and Construction Company was the contractor who did the work and plaintiff sues as assignee of the taxbills. The improvement was authorized by special ordinance, No. 4384.

Defendant denies the validity of the bills for various reasons among which are the following:

First, That full plans and specifications and estimates of the cost of the improvement contemplated in the ordinance were not transmitted to, received by or filed with the common council of the city and for that reason the taxbills sued on are void;

Second, That the ordinance under which the work was done was invalid for the reason that it failed to definitely fix the time for the completion of the work by the contractor;

Third, That the pretended estimate of the cost of the improvement was exceeded by the actual cost in the sum of $1000;

Fourth, That the ordinance failed to locate the six-foot walk provided for therein, within the twelve foot space between the property line and the curb, thereby leaving its location in the discretion of the city engineer;

Fifth, That the work was not completed, and accepted by the city within the time required for the execution thereof;

And Sixth, That the ordinance failed to specify the character of the base that would be required for the paving of the roadway and alleyways on the street.

I.   To support its theory that the plans, specification and estimate etc., were not received or filed by the city council defendant offered in evidence a blue print, which is merely a diagram of the *locus in quo* and does not pretend to be plans and specifications, which was found on file.

As it is not positively shown that there were no plans and specifications on file with the council we do not think we would be justified in holding in the face of the recitation of the ordinance that they were not so filed.   The paper alluded to does not pretend to be anything more than a map showing the streets, alleys, lots and blocks, contiguous to and including the street to be improved.

II.   The second objection is that the proceedings were void because the ordinance failed to definitely fix the time for the completion of the work by the contractor.   Since a recent decision of the Supreme Court where the same objection was made to a similar ordinance, wherein it is held that the ordinance was not indefinite as to the time fixed for the completion of the work, the defendant has abandoned this objection.   [Gist v. Rackliffe-Givson Const. Co., 123 S. W. 921.]

III.   The whole cost of the improvement of the street was $37,324.77, the estimated cost $36,432.00, the former exceeding in cost the latter $892.77.   It is held

that no contract can be entered into for street work at a price exceeding the estimate of its probable cost. [City of De Soto v. Showman, 100 Mo. App. 323.] This decision has reference to cities of the third class. Section 5858 of article 4, page 1367, Revised Statutes 1899, provides that no contract shall be entered into for any such work for a price exceeding such estimate. We do not find any such prohibition in the statute relating to street improvements in cities of the second class.

As the estimate for the work is not printed in the abstracts furnished by the parties we are unable to say whether on the face of the contract it exceeds such estimate. But it's agreed that the actual did in fact exceed the estimated cost.

The purpose of an estimate is to enable a city acting for the property owners to know how much they are to be taxed for such improvements and also to limit the power of a city within reasonable bounds in the exercise of its power of taxation for such purposes. The city engineer is entrusted with the duty of making such estimates because of his superior knowledge in that line to that of the member of the city council or the board of public works. While the law relating to cities of the second class does not in express terms prohibit a city from contracting for a price in excess of the estimated costs, and such a contract would not be void for that reason, yet we believe that if any city should disregard the estimate provided for and contract for street improvements in excess of the estimated cost the contract would be invalid to the extent of such excess. This construction of the law would be fair to both the contractor and the taxpaying property owner, as the former would receive all he was entitled to under a lawful contract and the latter would be protected from the mistakes of the short comings of the city authorities.

IV. The contract for the six-foot sidewalk is not as definite as it should be as to where it was to be located in the twelve-foot sidewalk space, yet it may be fairly

assumed from the language used that it was to be laid on a line with that already constructed.

V.   Under section 9, page 64, of the law of 1903, governing cities of the second class to which the city of St. Joseph belongs, and under the ordinance providing for the improvement and the contract therefor time is made the essence of such contract.

The ordinance and contract provided that the work should be completed within six months from the time of its award.   The respondent contends that the work was not completed within the time stipulated, but we do not think it offered any competent evidence to so show.   The evidence offered was that of a letter of the city engineer to respondent stating within what time the work was performed, which was much greater than six months the time provided for in the contract and ordinance. This was mere hearsay, and had no probative force except to contradict the official statement made by said engineer that the work was completed in proper time. It was a question of fact for the court and jury to determine upon affirmative evidence.   While the official statement of the city engineer that the work was completed in time was competent evidence to make a prima facie case it was subject to reputation by competent evidence as in other cases.   Notwithstanding time was of the essence of the contract it was subject to extension as provided by the statute in question.

VI.   We do not think the sixth objection raised by defendant is well founded as the specifications for the base of the pavement is sufficiently specific.

The cause is reversed and remanded so that the question as to whether sufficient plans, specifications and estimates were filed as required by law and tried in other respects as indicated in this opinion.   All concur.

## ON REHEARING.

PER CURIAM: A rehearing was granted in this case and it has been again considered. In such reconsideration we have not found any reason for departing from the original opinion. We will therefore reverse the judgment and remand the cause that it may be proceeded with in accordance with that opinion.