ADELBERT F. GIBSON, APPELLANT, V. M. N. TROUPE ET AL., APPELLEES.

FILED SEPTEMBER 26, 1914. No. 17,808.

1. **Municipal Corporations: ENACTMENT OF ORDINANCE: STREET IMPROVE-MENTS.** Section 5110, Rev. St. 1913, requiring a petition of three-fifths of the resident property owners for paving or for construct-ing sidewalks, or a vote of three-fourths of all the members of the council or board of trustees, does not apply to temporary walks on ungraded and unimproved streets. Section 5112 provides for such walks, and that section contains no such requirement.

2. ——: ——: ——. A village ordinance requiring the construc-tion of a temporary sidewalk on an ungraded and unimproved street is not an ordinance of a general or permanent nature, and section 5154, Rev. St. 1913, does not apply in such case.

3. ——: STREET IMPROVEMENTS: ESTIMATE OF COST. Section 5011, Rev. St. 1913, requiring an estimate of cost by the city engineer before sidewalks are constructed, applies only to cities of the second class. A village is not required to have a "city engineer."

APPEAL from the district court for Buffalo county: BRUNO O. HOSTETLER, JUDGE. Affirmed.

J. M. Easterling, for appellant.

H. M. Sinclair, contra.

SEDGWICK, J.

The board of trustees of the village of Gibbon by ordi-nance ordered a sidewalk constructed along the lots of plaintiff. The plaintiff failed to construct the sidewalk as ordered, and it was constructed by the village. The trustees of the village and the treasurer of the county were proceeding to enforce collection of the cost of the sidewalk against the lot of plaintiff, and this action was brought in the district court for Buffalo county to enjoin the collec-tion of the tax. The district court found in favor of the defendants and dismissed the case, and the plaintiff has appealed.

The plaintiff insists that the tax is invalid, and states the following reason: "The ordinance was not read on three separate days, nor was such reading dispensed with by vote of the village board. No estimate of the cost of this sidewalk was ever made, nor bids for its construction advertised for." Section 5110, Rev. St. 1913, provides: "But unless three-fifths of the resident owners of the property subject to the assessment for such improvements petition the council or trustees to make the same, such improvements shall not be made until three-fourths of all the members of such council or board of trustees shall by vote assent to the making of same." There was no petition of the property owners affected, and three-fourths of all the members of the board of trustees did not by vote assent to the making of the same. Only three of the five members were present when the vote was taken. The language of this section is so explicit that the decision of *City of North Platte v. North Platte Water-Works Co.*, 56 Neb. 403, even if we felt bound to approve that decision upon this point, could not assist us in construing this statute.

Prior to the revision of 1913 there were some apparent inconsistencies in the statute governing cities of the second class and villages. An attempt was made in that revision to harmonize these statutes, and we do not feel compelled to resort to the history of the various legislative enactments in construing this legislation, except in case the provisions of the revision appear to be ambiguous or inconsistent. Immediately following section 5110, above quoted from, are two sections relating to sidewalks. Section 5111 provides for repairing them at the cost of the property owners, and section 5112 provides for temporary sidewalks on ungraded streets. If the proceeding to construct temporary walks on ungraded streets was intended to be the same and require the same formality as in case of permanent walks on improved streets, there would have been no occasion for section 5112. Section 5110 is broad enough to include both classes of sidewalks if no other provision had been added. If sidewalks are placed upon

Gibson v. Troupe.

ungraded and unimproved streets, and the streets are afterwards graded and paved or otherwise improved, the sidewalks would ordinarily be removed for that purpose. This seems to have been the thought of the legislature in enacting these two sections, and is the basis of the distinction between temporary and permanent walks. It seems probable that it was not intended that the formalities required in the construction of permanent walks on graded and improved streets, and in enforcing payment for the same by property owners, should necessarily be observed in laying temporary walks under section 5112. The provision for temporary walks was contained in the act of 1887 (laws 1887, ch. 12, sec. 1, subd. VI): "To provide for the laying of temporary plank sidewalks upon the natural surface of the ground, without regard to grade, on streets not permanently improved, at a cost not exceeding fifty cents a lineal foot, and to provide for the assessment of the cost thereof on the property in front of which the same shall be levied." In 1905 this subdivision was amended by inserting after the word "plank" the words "brick, stone or concrete." Laws 1905, ch. 29, sec. 1, subd. VI. No other change in the statute was made by this act. This statute, if properly enforced, cannot work a hardship upon the property owner, since the constitution does not permit the costs of such improvements to be charged against the property beyond the actual benefits to the property thereby. There is evidence that the street in question is one of the principal streets of the village, and the block along which this walk was laid is occupied with some of the most important buildings, but the street is not graded and is wholly unimproved, and the trustees did not abuse their discretion in ordering a temporary walk under section 5112.

Section 5154, Rev. St. 1913, requires that ordinances of a general or permanent nature shall be fully and distinctly read on three different days, "unless three-fourths of the council or trustees shall dispense with the rule." The ordinance in question was not of a general nature, and that section has no application. In case of a temporary walk

no petition of property owners is necessary, and a majority vote of the trustees is sufficient.

Section 5011, Rev. St. 1913, provides: "The city engineer shall make estimates of the cost of labor and materials which may be done or furnished by contract with the city. * * * Before the city council shall make any contract for building bridges or sidewalks, for any work on the streets or for any other work or improvement, an estimate of the cost thereof shall be made by the city engineer." This section is a part of article I, ch. 50, Rev. St. 1913, and is applicable only to cities of the second class. Villages have no city engineer. This section was in the act of 1879. Laws 1879, p. 197. It is the twentieth section of the act. The first 39 sections relate to cities of the second class. Sections 40 to 55, inclusive, relate to villages only, and the remaining 68 sections relate to both cities of the second class and villages. Section 20 has no application to villages.

The plaintiff cites *Nebraska City v. Nebraska City Hydraulic Gas Light & Coke Co.,* 9 Neb. 339, *Bellevue Improvement Co. v. Village of Bellevue,* 39 Neb. 876, *Moss v. City of Fairbury,* 66 Neb. 671, *Fairbanks, Morse & Co. v. City of North Bend,* 68 Neb. 560, and *Murphy v. City of Plattsmouth,* 78 Neb. 163, in support of the contention that section 5011 applies to villages. In the *Bellevue* case it was held: "Where a village board undertakes to levy and collect a local assessment for the construction of sidewalks, without in fact constructing the sidewalks, before obtaining any proposals for their construction, and before in any manner ascertaining or estimating the cost of their construction, held, that such local assessment is absolutely void." The section of the statute in question here was not mentioned in the opinion. The decision of this court in that case is not to the effect that a preliminary estimate is necessary. The point decided is that "there is required, as a basis for the assessment, at least some estimate made with reasonable certainty of that expense." The assessment cannot be made before the work is done without some effective measures taken to first ascertain the necessary

amount to be levied. This must not be taken as deciding that no assessment can be made before the work is done, but that when it is so made and no estimate of cost is made such assessment is void. The other cases cited by plaintiff relate to cities of the second class, and not to villages of less than 1,000 inhabitants, and are not applicable here.

The other points discussed in plaintiff's brief may be resolved as he contends and not affect the result. It may be that the statute gives too much latitude of discretion to village boards in the matters complained of; if so, further legislation may be expected. The courts cannot supply the remedy.

The judgment of the district court is

AFFIRMED.

REESE, C. J., and ROSE, J., not sitting.