(June 23, 1925.)

GEORGE N. LUCAS, Who Sues on Behalf of Himself and All Others Similarly Interested, Respondent, v. CITY OF NAMPA, a Municipal Corporation and a City of the Second Class; D. W. MOFFATT, as Clerk of Said City; GERTRUDE M. MILLER, as City Treasurer of Said City, Appellants.

[238 Pac. 288.]

MUNICIPAL CORPORATION — SEWER CONSTRUCTION — ESTIMATE OF CITY ENGINEER—SUIT BY TAXPAYER—PARTIES—BONDS—COMMISSION FOR SALE OF.

1. A city council in the construction of a sewer system is limited and bound by the estimate of the city engineer authorized by C. S., sec. 3879.

2. A suit by a taxpayer to restrain the levy of an assessment for the construction of a sewer system, if filed within thirty days after the confirmation of the final assessment is by C. S., sec. 4137, in time.

3. When, pending an action to restrain the levy of assessments of issuance of bonds to pay for a contract for a sewer improvement district, such bonds are sold by the city authorities,

defendants in said action, the purchasing bondholders are not necessary parties to authorize the rendition of judgment in such case permanently restraining the city from collecting assessments to pay said bonds.

4. City or municipal corporation has no authority to pay a commission for the negotiation of the sale of bonds issued by the city for a special improvement sewer district.

APPEAL from the District Court of the Seventh Judicial District, for Canyon County. Hon. Ed. L. Bryan, Judge.

Action to restrain the collection of assessments. Judgment for plaintiff. *Affirmed.*

D. L. Rhodes and Karl Paine, for Appellants.

No bondholder is a party to the action. The decree, however, enjoins the collection of assessments to pay the principal and interest of $39,000 outstanding bonds of the district and thereby deprives the bondholders of their property without due process of law, contrary to the fourteenth amendment to the federal constitution, and sec. 13, art. 1 of the constitution of Idaho. (*Bear Lake County v. Budge,* 9 Ida. 703, 108 Am. St. 179, 75 Pac. 614.)

Equity requires as to parties defendant that all persons whose interest would be affected by the decree sought to be obtained must be made parties, and if any such persons are not or cannot be reached by process the bill must be dismissed. (*Grater, etc., v. Logan County High School Dist.,* 64 Colo. 600, 173 Pac. 714; High on Injunctions, 4th ed., secs. 557, 576; *Beck v. Allen,* 58 Miss. 143; *City of Anthony v. State,* 49 Kan. 246, 30 Pac. 488; *Pana v. Bowler,* 107 U. S. 529, 2 Sup. Ct. 704, 27 L. ed. 424; *Brooklyn v. Aetna Life Ins. Co.,* 9 Otto, 362, 25 L. ed. 416; *Township of Empire v. Darlington,* 11 Otto, 87, 25 L. ed. 878; *Savage v. Sternberg,* 19 Wash. 679, 54 Pac. 611; *Carpenter v. Hindman,* 32 Kan. 601, 5 Pac. 165; *T. V. Board v. Texas & Pacific R. W. Co.,* 46 Tex. 316; *Dwyer v. Hackworth,* 57 Tex. 245; *Bradford v. Westbrook,* 39 Tex. Civ. App. 638, 88 S. W. 382; *Buie v. Cunningham* (Tex. Civ. App.), 29 S. W. 801; *Stallcup v. Tacoma,* 13 Wash. 141, 42 Pac. 541; *Hope v. Mayor,*

72 Ga. 246; *Ramsey v. Town of Marble Rock,* 123 Iowa, 7, 98 N. W. 134; *Graham v. Minneapolis,* 40 Minn. 436, 42 N. W. 291; *Osterhoudt v. County of Ulster,* 98 N. Y. 239; *Hoppock v. Chambers,* 96 Mich. 509, 56 N. W. 86; *State v. Gormley,* 40 Wash. 601, 82 Pac. 929, 3 L. R. A., N. S., 256; *Mallow v. Hinde,* 12 Wheat. (U. S.) 193, 6 L. ed. 599; *California v. Southern Pacific,* 157 U. S. 229, 15 Sup. Ct. 591, 39 L. ed. 683; *Shields v. Barrow,* 58 U. S. 130, 15 L. ed. 158; *Ribon v. Chicago, Rock I. Ry. Co.,* 83 U. S. 446, 21 L. ed. 367; *New Orleans Waterworks Co. v. City of New Orleans,* 164 U. S. 471, 17 Sup. Ct. 161, 41 L. ed. 518; *Amsbary v. City of Twin Falls,* 34 Ida. 313, 200 Pac. 723.)

Two special methods are provided by statute for the construction of a sewerage system, either of which is complete in itself and may be followed to the exclusion of general statutory provisions.   (C. S., secs. 4121–4151, and C. S., secs. 3999–4028; *Veatch v. Gibson,* 29 Ida. 609, 160 Pac. 1112; *Caldwell v. Mountain Home,* 29 Ida. 13, 156 Pac. 909; *Henderson v. City of Enterprise,* 202 Ala. 277, 80 So. 115; citing 3 McQuillin on Municipal Corporations, sec. 1186; *Edwards v. Auditor General,* 161 Mich. 639, 126 N. W. 853; *State v. Chariton Drainage Dist. No. 1,* 252 Mo. 345, 158 S. W. 633; *Lawyer v. Carpenter,* 80 Ark. 411, 97 S. W. 662; *State v. White,* 41 Utah, 480, 126 Pac. 330; *Birmingham v. Southern Express Co.,* 164 Ala. 529, 51 So. 159; *Jackson v. Cravens,* 238 Fed. 117; *Kelley v. Morton,* 179 Mo. App. 296, 166 S. W. 840.)

The decree is not sustained by the evidence in that the evidence does not show that the estimate in Ordinance No. 37 was the only estimate made or published.   (*Newman v. Warren-Quinlan Asphalt Co.,* 71 Okl. 284, 177 Pac. 375; *Crawford v. Cassity,* 78 Okl. 261, 190 Pac. 412.)

The decree is directly contrary to the evidence in that there is no evidence whatever that the bonds were sold below par.   (*State v. Boyles,* 34 Ida. 283, 200 Pac. 125.)

The council had the right to make additional assessments. (C. S., sec. 4121; 2 Page and Jones on Taxation by Assess-

ment, sec. 952; *Miller v. City of Glenwood,* 188 Iowa, 514, 176 N. W. 373; C. S., sec. 4141.)

G. W. Lamson and Buckner & Warren, for Respondent.

A general law duly enacted governing cities and towns, and which limits the powers granted a city, is a limitation of equal force and as imperative in its working as if it were a part of the constitution itself. C. S., sec. 3879, is such a general limitation. (*Dunbar v. County Commrs.,* 5 Ida. 407, 49 Pac. 409; Cooley, Const. Limitations, 6th ed., 227; Dillion, Municipal Corp., 5th ed., 237, 587; *Moss v. Fairbury,* 66 Neb. 671, 92 N. W. 721; *Whittaker v. Deadwood,* 23 S. D. 538, 122 N. W. 590; *Van der Creek v. Spokane,* 78 Wash. 94, 138 Pac. 560; *Corliss v. Highland Park,* 146 Mich. 597, 110 N. W. 45.)

The city council has no authority to make an additional assessment in a sewer district to raise an amount in excess of the estimate of the engineer and in excess of the amount fixed by the ordinance of intention. (*Van der Creek v. Spokane, supra; Farr v. West Chicago Park Com.,* 167 Ill. 355, 46 N. E. 893; *Covington v. Schlosser,* 141 Ky. 838, 133 S. W. 987; *Campbell v. Haven,* 211 Mass. 121, 97 N. E. 611; *Hapgood v. Seattle,* 69 Wash. 497, 125 Pac. 965; *Inner Circle, etc., v. Seattle,* 69 Wash. 508, 125 Pac. 970; *West Chicago Park, etc., v. Metropolitan West Side, etc.,* 182 Ill. 246, 55 N. E. 344; *Town of Cicero v. Green,* 211 Ill. 241, 71 N. E. 884; Page & Jones, Taxation by Assessment, sec. 954.)

The city council has no authority to levy an assessment to pay a commission which goes to the purchaser of the bonds of the sewer district. (C. S., sec. 4143; *State v. Banks,* 33 Ida. 765, 198 Pac. 472; *Bay City v. Lumberman's State Bank,* 193 Mich. 533, 160 N. W. 425; *Peery v. Los Angeles,* 187 Cal. 753, 203 Pac. 992, 19 A. L. R. 1044; *City of Lincoln v. Harts,* 270 Ill. 646, 110 N. E. 912.)

Those who buy bonds from litigating parties with actual notice of suit in regard thereto are not *bona fide* purchasers. (*Lytle v. Lansing,* 147 U. S. 57, 13 Sup. Ct. 254, 37 L. ed.

78; *County of Scotland v. Wm. Hill*, 132 U. S. 107, 10 Sup. Ct. 26, 33 L. ed. 261.)

Special improvement bonds of a sewer district are payable out of a special fund and are not negotiable. (*New First Nat. Bank v. Weiser*, 30 Ida. 15, 166 Pac. 213; *Blackwell v. Coeur d'Alene*, 13 Ida. 357, 9 Pac. 353; *Northern Trust Co., v. Wilmette*, 220 Ill. 417, 5 Ann. Cas. 193, and note at p. 197, 77 N. E. 169; *Bank v. Elgin*, 136 Ill. App. 453; 28 Cyc. 611, note 4; 19 R. C. L. 286, note 6; *Washington County v. Williams*, 111 Fed. 801, 49 C. C. A. 621; *National Bank v. Petterson*, 200 Ill. 215, 65 N. E. 687; McQuillin, Municipal Corp., sec. 2269.)

The holders of special improvement bonds are not necessary or proper or indispensable parties to an action to enjoin the levy or collection of the assessment. (*Hoffman v. Board of Commrs. of Gallatin County*, 18 Mont. 224, 44 Pac. 973; *Hughson v. Crane*, 115 Cal. 404, 47 Pac. 120; *Sechrist v. Rialto Irr. Dist.*, 129 Cal. 640, 62 Pac. 261; *Boskowitz v. Thompson*, 144 Cal. 724, 78 Pac. 290; *Modoc County v. Spencer*, 103 Cal. 498, 37 Pac. 483; *Leitch v. Wentworth*, 71 Ill. 146; *Cherokee Nation v. Hitchcock*, 187 U. S. 294, 23 Sup. Ct. 115, 47 L. ed. 183; *Kellogg v. School Dist. No. 10*, 13 Okl. 285, 74 Pac. 110; *Edwards v. People*, 88 Ill. 340; *Carruthers v. City of Astoria*, 72 Or. 505, 143 Pac. 899, 1106; *City of Covington v. Schlosser*, 141 Ky. 838, 133 S. W. 987; *Mock v. City of Santa Rosa*, 126 Cal. 330, 58 Pac. 828.)

GIVENS, J.—Respondent proceeded in equity against the appellants, the city of Nampa and city officials, to have declared illegal and void a contract for the construction of Local Sewerage District No. 22 of Nampa; to enjoin the issuance of any bonds or the collection of any assessments to pay therefor in excess of $118,300, the estimate made by the city engineer. Respondent also urges that the city council had no authority to pay a commission for the negotiation of the sale of its bonds, which it is claimed were sold below par, and that the purchasers of the bonds were not *bona fide* purchasers and therefore not necessary parties. Appel-

lants contend that C. S., sec. 3879, does not apply to chapter 171 of the C. S., being sections 4121 to 4160, inclusive, under which it is maintained that the improvement district was organized, the bonds issued and the assessments made; that the bonds were not sold below par and that the present holders are necessary parties.

C. S., sec. 3879, first appears in the Sess. Laws of 1893, p. 97, sec. 20, of an act to provide for the organization, government and powers of cities and villages. In 1905 the legislature passed an act to authorize and empower cities and villages to maintain and operate sewer systems, certain sections of which are identical with certain sections of C. S., secs. 4121–4159, the preliminary section being:

"In addition to the powers heretofore granted to cities, towns or villages under the provisions of the laws of the State of Idaho now in force, cities, towns, or villages may by ordinances, by-laws, and under or by virtue of this act; . . . . "

Then proceeding to provide for a sewer construction committee who were given the authority to employ their own engineers and to make their own contracts, to establish sewer systems, levy assessments and issue bonds in payment thereof. In 1917 the legislature (chap. 39, p. 89, Sess. Laws), did away with such sewer construction committee and repealed the sections of the statute which referred to the committee as such, as distinct from the city council, and granted to the city council the powers theretofore conferred on such committee.

In *Caldwell v. Village of Mountain Home,* 29 Ida. 13, 156 Pac. 909, it was held that in the construction of a sewer system under the provisions of chapter 171, section 2238f of the Rev. Codes did not apply, on the ground that sec. 2238f, now C. S., sec. 4027, was restricted by its own terms to contracts let under the chapter of which it was a part, which chapter did not include the sections now comprising chapter 171.

The 1917 Sess. Laws, in repealing certain sections of the act, repealed sec. 2350, which authorized the sewer committee,

whose duties are now performed by the city council, to employ engineers, etc. Section 4124 vests the power already given by chapter 171 in the mayor and city council, and sec. 4129 requires the passage of an ordinance of intention before or during the construction of a sewer system, though nowhere is there any reference made to a preliminary estimate or to sec. 3879.

Respondent contends that since the amendment of 1917, repealing the special sewer district act of 1903, which related only to the construction of sewers by a sewer committee, that all of the provisions now found in said chapter 171 must be read and construed in connection with the other provisions found in the chapter on cities, towns and villages, they not being in conflict or inconsistent with such other provisions.

C. S., sec. 4129, requires that the city council or trustees shall, before or during the construction of a sewerage system, first pass a general ordinance of intention describing the boundaries of the district, what properties are to be included therein, and the estimated cost of the same. Clearly this contemplates that before the assessment-roll can be properly prepared or a contract let for the construction of such system, there must be a basis for the same, and the only other provision specifically providing for the manner of ascertaining this basis is C. S., sec. 3879, which requires the city engineer to make estimates of the costs of all labor and material for all classes of public improvements, including sewers, and that before the council shall make any contract for such improvement an estimate of the costs shall be made and submitted to the council, and no contract shall be entered into for any work or improvement for a price exceeding such estimate, and in advertising for bids for any such work the council shall cause the amount of such estimate to be published therewith. In the instant case Ordinance No. 37, the ordinance of intention, contained such an estimate fixing the cost at $118,300, and was passed in August, 1919. October 26, 1920, the city passed Ordinance No. 345, purporting to make an additional and supplemental assessment upon and

against all of the property in improvement district No. 22, and on January 10, 1921, they passed Ordinance No. 351, confirming, or attempting to confirm, the proceedings taken under Ordinance No. 345, authorizing the additional assessment. It is evident from this ordinance, which was offered in the record as plaintiff's exhibit "I," that up to this time the bonds in question had not been executed or sold, for sec. 4 recites "that said bonds, when executed, shall be delivered to Sidlo, Simons, Fels, & Company, of Denver, Colorado," this also being an ordinance confirming the reassessment attempted to be made by Ordinance No. 345, which reassessment added was in excess of the cost as estimated by the engineer as contained in the original ordinance of intention No. 37. It is true that C. S., sec. 4141, provides that in cases of special assessments in local sewerage improvements, where any such assessments have failed to be valid for want of form, or of sufficient formality or regularity, or conformance with the chapter, ordinances or provisions of law governing such assessments, the city is authorized to reassess such special taxes and enforce their collection in accordance with the provisions of law existing at the time such reassessment is made. It is clear, however, that the reassessment attempted to be made in the instant case was not made for any reason assigned in the statute, nor was it made in conformity therewith, but, on the contrary, the city authorities found that after paying a ten per cent commission for the sale of the bonds, the employment of the city engineer upon a basis of five per cent of the cost of the project, and incurring other expenses in the construction of the work, the cost of the completed system with these additional expenditures would approximate $160,000 instead of the $118,300 contained in the estimate of the city engineer in the original ordinance of intention.

There is no statute providing for the employment of engineers by the city council except C. S., secs. 3796, 3864, and it is presumed that the legislature in 1917, at the time they repealed the provisions of chapter 171 providing for a . sewer committee, and transferred these powers to the city council, were aware of this situation, and hence the only

engineer expressly provided for is the city engineer and he is required to make the estimate which in this case was exceeded. It is therefore evident since the legislature had taken away from the city council the right to employ engineers as provided for in the committee method of sewer construction, the only engineer they were expressly authorized to employ was the city engineer and since he is required by C. S., sec. 3879, to make an estimate and no contract may be let in excess thereof, the contract let, in question herein, being in excess of the estimate was, to that extent, illegal. (*Moss v. Fairbury,* 66 Neb. 671, 92 N. W. 721; *Murphey v. City of Plattsmouth,* 78 Neb. 163, 110 N. W. 749; *Plattsmouth v. Murphey,* 74 Neb. 749, 105 N. W. 293; *Collins v. Ellensburg,* 68 Wash. 212, 122 Pac. 1010; *Peabody v. City of Edmonds,* 68 Wash. 610, 123 Pac. 1018; *Bonneville v. Stevens* (Mo.), 95 S. W. 314; *Probert v. Girard Inv. Co.,* 155 Mo. App. 344, 137 S. W. 41.)

Appellants also urge that respondent did not file his protest in time and is herein pursuing the wrong remedy. If the city council was without jurisdiction respondent was not limited by the provisions of the statute (*Adams v. Twin Falls-Oakley L. & W. Co.,* 29 Ida. 357, 161 Pac. 322), and if, therefore, the estimate of the city engineeer as provided by C. S., sec. 3879, was jurisdictional it would appear that the present action is proper and that respondent waived nothing by not proceeding sooner; furthermore the present action was filed February 5, 1921, and the confirmation of the additional assessment-roll was not made until February 10, 1921, so the suit was filed within 30 days after the final assessment was confirmed. (C. S., sec. 4137.)

The ordinance of intention and the original assessment-roll were passed prior to December 9, 1919. The contract for the construction of the sewer system was let February 26, 1920. The ordinance authorizing the issuance and the form of the bonds was passed August 2, 1920, and a contract for the sale of the bonds was made October 25, 1920, but the bonds were not delivered until March 8, 1921. The original assessment-roll was confirmed December 6, 1920, and the additional assessment-roll was confirmed February 10, 1921.

The bonds were° sold to Sidlo, Simons, Fels & Company of Denver, Colorado, and Mr. Fritchman, witness for appellants, stated that they in turn sold the bonds, that they were retailed and widely scattered and that he did not know of any of the holders or owners of the bonds being in the state of Idaho. Upon this as a predicate the appellants urge that the present bondholders are necessary parties though they do not themselves offer to bring these present owners in as parties.

We are thus confronted with the question as to whether or not a taxpayer within a local improvement district created by a municipality such as a city of the second class may challenge the validity of the proceedings or restrain the collection of that portion of the tax found to be in excess of that which the municipality was authorized to levy; and further, can such an action be maintained in a court of equity in the absence of the purchasers of the bonds who are shown to be unknown nonresidents of the state and beyond the jurisdiction of the court.

C. S., sec. 4125, provides that all sewerage work provided for in C. S., sec. 4121, shall be assessed upon the lots or parcels of land fronting on all highways, streets or alleys, and shall be separately assessed for the full debt in proportion to the benefits of the property to be benefited sufficient to cover the total expense of such work or the construction of such sewer.

C. S., sec. 4133, provides that such assessment shall be against each lot, piece or parcel and become a lien upon the same, and that it shall take precedence over all other liens and may be foreclosed if default is made in the payment thereof. These bonds are therefore non-negotiable instruments.

The city contends that as the bondholders are not parties their rights will have been determined without having had their day in court. On the other hand, if they are necessary parties, being nonresidents, they cannot be brought in, and the taxpayer will be compelled to pay an illegal claim. As was stated in *Diamond v. Lawrence County,* 37 Pa. St. 353, 78 Am. Dec. 429:

"On the other hand, there are the purchasers who have invested their money, generally at a large discount, but on the faith that the people whose representatives have issued the bond will see to its redemption; and on the other, there are the people whose representatives have hurried them thoughtlessly into oppressive indebtedness, without an equivalent, . . . . What, then, is equal justice both to purchasers and people in respect of these bonds"

If pending a suit to restrain the illegal issuance of non-negotiable municipal bonds the city authorities could transfer such bonds and thereby render necessary the bringing in of such purchasers before a judgment could be rendered in such action restraining the city officers from issuing the bonds or levying assessments to pay therefor, the taxpayer would be left without a remedy to protect himself against the illegal issuance of such bonds, which is contrary to public policy.

"It [*lis pendens*] affects him, not because it amounts to notice, but because the law does not allow litigant parties to give to others, pending the litigation, rights to the property in dispute so as to prejudice the opposite party. . . . . This is a rule of public policy, and the object of it is to prevent the parties from making a conveyance *pendente lite* of the property or thing which is the subject matter of the controversy, and thus defeat the execution of the decree of the court." (*Powell v. National Bank of Commerce,* 19 Colo. App. 57, 74 Pac. 536.)

This suit having been instituted by the respondent taxpayer, before the bonds were sold, and he having joined the only parties who at that time had any interest in the subject matter of the action, namely, the city and city officials, the bonds not having yet been delivered to Sidlo, Simons, Fels & Company, his right of action may not be defeated by the acts of the city and city council in transferring such bonds. The trial court therefore properly restrained the city and city council from levying any assessments to pay for bonds in excess of the engineer's estimate though the bondholders were not made parties.

There was no authority in law for paying a commission for the sale of these bonds. C. S., sec. 4143, expressly prohibits such a municipal corporation from selling its bonds for less than their par value, net, and also prohibits the issuance of bonds in excess of the contract price and expense of such work. (*State v. Banks*, 33 Ida. 765, 198 Pac. 472.)

The judgment of the trial court is therefore affirmed, and it is so ordered. Costs awarded to respondent.

William A. Lee, C. J., Wm. E. Lee, Budge and Taylor, JJ., concur.