ALBERT HAFERMAN, Appellee, v. JOINT DRAINAGE DISTRICT No. 1, CERRO GORDO, FRANKLIN, and HANCOCK COUNTIES et al., Appellants.

DRAINS: Assessments—Unallowable Item of Expense. The boards of supervisors in charge of an inter-county drainage improvement are wholly without jurisdiction to include in a deficiency assessment on *all* the lands within the district an item of expense which had been contracted in one county by the board of supervisors thereof in the employment of a fiscal agent to sell the bonds which had been issued in such particular county.

Headnote 1:   19. C. J. p. 715.

Headnote 1:   58 L. R. A. 353; 9 R. C. L. 655.

*Appeal from Franklin District Court.*—B. R. BRYSON, Judge.

NOVEMBER 22, 1927.

Action to set aside, as illegal and void, assessment made by said joint boards for and on behalf of said drainage district, including an item for $17,157 and one for $568, paid by Cerro Gordo and Hancock Counties, respectively, for fiscal agents to sell drainage bonds. The district court granted the relief, and therefore this appeal was taken.—*Affirmed.*

*W. H. Ramsey, R. L. Saley,* and *W. A. Westfall,* for appellants.

*Mallory & Leming,* for appellee.

KINDIG, J.—Chronologically, the stipulated facts are: Joint Drainage District No. 1 was organized December 19, 1917, to include 33,000 acres of land in Cerro Gordo, Franklin, and Hancock Counties. On March 31, 1921, the costs and expenses of said improvement were apportioned, and, as provided by statute, an assessment was levied therefor in the sum of $855,541.51. Then the boards of supervisors of Cerro Gordo and Hancock Counties individually determined that the assessment was greater than should be levied in a single year upon the lands benefited in their separate counties, and authorized the issuance and sale of drainage bonds. To find purchasers for these instruments, each county last named employed the same fiscal agent, who was paid $17,157 by Cerro Gordo County and $568 by Hancock County. In the meantime, Franklin County issued improvement certificates, and sold them at par, plus accrued interest, without such representative. Afterward, upon the 21st day of December, 1921, the boards of supervisors of said three counties, in joint session assembled, approved the commission due the fiscal agent employed by said two counties, and ordered the amount paid, finding that there was a deficit in the costs of construction over and above the original assessment, totaling $162,552.88, in-

cluding the expense of said bond salesman. Thereafter, at the time fixed, these joint boards levied a re-assessment for the amount of said deficiency. Appellee, a taxpayer and assessment bearer in Franklin County, within said district, objected, appealed, and finally brought this action, to avoid including within said levy the said intermediary's fees. Consolidated herewith, under stipulations of all parties concerned, are the following cases in the district court of Franklin County, to wit: Numbers 7906 to 7921, inclusive, except Numbers 7908, 7911, and 7918.

By written agreement, there were eliminated from this controversy all questions except one, which is embodied in the following paragraph taken therefrom, to wit:

"It is further stipulated and agreed that the question to be submitted to the [district] court and adjudicated in these appeals is the question of whether or not under the law, such levy to pay the deficit, including said sum paid to the fiscal agent, was legally made against all the lands in said district, or whether the costs of such fiscal agent of $17,157 (plus $568) should be paid by the lands of said district within Cerro Gordo * * * [and Hancock Counties]."

This question has never before been determined in this state, and we have been furnished with no authorities to aid us in the solution of the problem. Due to unquoted sentences of said understanding, the parties have withdrawn from the case any dispute over the power of the local county officials concerned, to incur the indebtedness here involved. That right is assumed, but we do not decide or determine its existence.

Confining the scope of this study to a finding as to whether or not all land within the district must carry the weight of this obligation, our course is directed to the statutory provisions contained in the Code of 1924, immediately quoted:

"7614. After the amount to be assessed and levied against the several tracts of land shall have been finally determined, the several boards, acting separately, and within their own counties, shall levy and collect the taxes apportioned and levied in their respective counties. They may issue warrants, improvement certificates, or bonds for the payment of the cost of such improvement within their respective counties, with the same right of landowners to pay without interest or in installments all as provided where the district is wholly within one county."

"7615. When drainage bonds are to be issued under the provisions of the preceding section they shall be issued at such time that they or the proceeds thereof shall be available for the use of the district at a date not later than ninety days after the actual commencement of the work on the improvement as provided in relation to districts wholly within one county, and subject to the same exceptions in cases of appeals set forth in Section 7507."

"7626. Except as otherwise stipulated in this chapter, the provisions and procedure set forth in Chapter 353 shall govern and apply to * * * the issuance and delivery of warrants, bonds and assessment certificates, the payment of taxes and assessments, * * *."

"7508. Such bonds may be applied at par with accrued interest to the payment of work as it progresses upon the improvements of the district, or, the board may sell, through the county treasurer, said bonds at not less than par with accrued interest and devote the proceeds to such payment. Any premium derived from the sale of said bonds shall be credited to the drainage fund of the district."

Such is the method supplied by the legislature for financing the project. First, there is an apportionment of the assessment, constituting the basis for future levies. Thus far, control is in the hands of the joint boards; but at this point, that jurisdiction ceases, and the part of the special tax to be collected from the real estate in each county is referred to said subdivision of the state, and it henceforth assumes the right and authority to operate the collection machinery. Manifestly, in performing this function, such "county" cannot subject the entire district to a financial outlay not for the benefit of the whole drainage enterprise, but to facilitate the performance of a duty especially enjoined upon said political subdivision by statute, even though, under the written concession of the parties, the expenditure was a "legal charge properly made," so far as the "county" is concerned. Forsooth, the salary of the treasurer is a necessary and lawful item in collecting said assessments; however, no part of that financial load is to be carried by the land in the other counties. Important is the designation of the treasurer as the person who is to sell the "bonds." No substitute is contemplated.

All taxpayers are entitled to enjoy the proceeds of said sale to the extent of "par with accrued interest." Deducting charges of a "fiscal agent" would reduce the net result below "par," and the weight of this loss would ultimately be borne proportionately by all taxpayers throughout the entire district, not because of a permissive pledge of the "joint boards," but through the action of one of them, over which the others have no domination in the certain instance. Hence, "such bonds" would not be "applied at par with accrued interest" to the payment of the "work."

Involved in this litigation were not the costs of the improvement undertaken by the district, but rather an expense of collection to be cast upon the land affected in the county performing the duty. Avoidance of the local task cannot be made in this way. Statutory prohibition is impliedly, if not directly, a prevention. Said "collection" may be made in any of the authorized methods, including the sale of bonds; yet, nevertheless, it appears very clearly that the trust must be executed by each county through, by, and for itself, independent of the whole, and the burden of so doing cannot be thrown upon the others.

The joint board had no authority or right, by ratification or otherwise, to bind appellant. Approval could not make legitimate that which was invalid for lack of jurisdiction in the first instance.

Therefore, the judgment of the district court is affirmed.— *Affirmed.*

EVANS, C. J., and FAVILLE, DE GRAFF, ALBERT, and WAGNER, JJ., concur.

STEVENS, J., not participating.