WESTERN BOHEMIAN FRATERNAL ASSOCIATION, a Corporation, Appellant, v. J. T. BARRETT et al., Appellees.

No. 43776.

June 15, 1937.

Eaton & Mauk, for appellant.

Genung & Genung, for appellees.

RICHARDS, C. J.—Defendants are the trustees of the above-entitled drainage district in Fremont County. Prior to the election of these trustees the board of supervisors had assessed to real estate in the district the benefits in connection with the construction and repair of the drainage ditch. Against these assessments bonds were issued with maturities extending over a ten-year period, the last of the bonds becoming due December 1, 1936. Plaintiff is holder of the bonds maturing on the last-mentioned date, in the principal sum of $7,500. On December 5, 1935, it brought this action of mandamus against the trustees to obtain an order commanding them, as successors to the board, to levy an additional assessment as provided by section 7509, Code of 1931, in an amount sufficient to meet the principal and interest of plaintiff's bonds. The trustees filed answer, the cause was tried, and the district court entered judgment dismissing plaintiff's petition. Therefrom is this appeal.

██ Plaintiff disputes neither the legality of the levy of assessments nor of the issuance of the bonds against such assessments, nor the sufficiency of the assessments, when made, to retire the principal and interest of all the bonds issued against

the same. What plaintiff did allege was that on December 1, 1936, there would be in the hands of the county treasurer an insufficient sum, taking into account a small amount of delinquent assessments, to pay in full the bonds then maturing. By reason of that fact, says plaintiff, the levy of assessments was insufficient within the meaning of section 7509 of the 1931 Code, resulting in a mandatory duty on the part of defendant trustees to levy a further assessment in an amount sufficient to meet the alleged deficiency in the funds that will be in the hands of the county treasurer.

Section 7509 relied on by plaintiff appears in chapter 353 of the Code having to do with levees and drainage districts. There are in that chapter duties imposed upon the board of supervisors, or upon the trustees of the district, if there be such, that are expressed in mandatory terms. Section 7479 provides that if the first assessment for the original costs or for repairs is insufficient the board *shall make* an additional assessment and levy. In the case before us this requirement has been met. Section 7505 also is mandatory in its language, and provides that in no case shall the aggregate amount of all bonds issued exceed the benefits assessed, and that such bonds shall not be issued for a greater amount than the aggregate amount of assessments for the payment of which they are issued. In this case at bar there was compliance with this requirement. That the assessments were sufficient is not even questionable. For plaintiff in argument concedes that it does not appear but that *sufficient revenues have been derived* from the levy of assessments, including those to be realized, to have paid plaintiff's bonds. From the record we are satisfied that revenues in such sufficient amount were derived from the assessments. The assessments having been sufficient, and the revenues derived from the assessments having been sufficient for payment of all the bonds issued upon the assessments, plaintiff's case depends solely upon the testimony of the county treasurer, upon the trial in December 1935, that the funds that will be in his hands on the maturity date of the bonds will be insufficient to pay them except in part. This witness had served as county treasurer since January 2, 1931, and during his term the funds of this drainage district have been carried in a separate account. But he further testified that the records show that during prior years such had not been the practice. There was no evidence adduced from the records of

the county treasurer's office or otherwise accounting for or showing the manner of disbursement or transfer or disposition of the revenues derived from the special assessments in question, except that all the bonds other than plaintiff's have been paid. Plaintiff depends entirely on the testimony of the county treasurer who testified as to the situation in December, 1935, as above related, and claims that under the situation as revealed by the treasurer's testimony, section 7509 renders it the mandatory duty of the trustees to levy an additional assessment.

The material portion of section 7509 on which plaintiff rests its case is in the following words:

"If any levy of assessments is not sufficient to meet the interest and principal of outstanding bonds, additional assessments may be made on the same classification as the previous ones."

Defendants argue that mandamus will not lie because the legislature has used permissive language in this section, attention being called to the words "may be made." Plaintiff urges that the section is mandatory, and that the word "may" should be interpreted as if the word "must" appeared, to effect the evident intent of the legislature that there be an additional levy under the circumstances shown by plaintiff. But it would appear to us that the language of section 7509 was used advisedly, and that the purpose was to afford the board of supervisors, or the trustees of a drainage district, a permissible procedure for remedying, if need be, a failure to carry out the mandatory provisions of the preceding section 7505. In event it is discovered that there has been a violation of the mandate found in section 7505, then section 7509 makes possible the levying of the necessary additional assessments. But in the case at bar, as already shown, the board of supervisors had fully performed all mandatory duties imposed on them with reference to this bond issue. They owed nothing more to plaintiff than is to be found in chapter 353. Resultantly there was no duty resting on the board or the trustees making it mandatory that they proceed under section 7509 in order that such duty be fulfilled. The district court rightly refused to issue the writ.

■■ We are unable to adopt plaintiff's further suggestion that the county treasurer was an ex-officio officer of the drainage district, and that the district was responsible for his acts in

handling the assessments paid into his office. We find no such intent expressed by the legislature. On the contrary chapter 353 provides that the assessments are levied as a tax. The chapter applies to them all the qualities of ordinary taxes so far as the county treasurer's office is concerned, including manner of collection, penalities for delinquency, and lien upon the land removable only by payment to the county treasurer. See Code sections 7482, 7477, 7478. The relation between the county treasurer and the individuals against whose lands the tax assessments were levied, appears to be no different than the relation between such treasurer and the ordinary taxpayer. In the case of the ordinary taxpayer the rule is that he should not be compelled to pay his taxes twice, if he has paid them once according to law. Rundel v. Boone County, 204 Iowa 965, loc. cit. 973, 216 N. W. 122. There is no distinction that makes the rule nonapplicable to persons paying tax assessments as in this case.

There need not be considered defendants' further defense based on the provisions contained in the bonds and the proceedings for their issuance, that they were payable solely out of assessments theretofore legally levied.

The decree of the lower court is affirmed.—Affirmed.

PARSONS, SAGER, ANDERSON, HAMILTON, KINTZINGER, MITCHELL, STIGER, and DONEGAN, JJ., concur.